UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER LYNN MOTHERSHEAD, | CASE NO. C21-5186 MJP-JRC |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |
| v. | |
| DEBORAH J WOFFORD, | |
| Respondent. | |

This matter comes before the Court on Respondent Deborah J. Wofford's Objections (Dkt. No. 25) to the Report and Recommendation of Magistrate Judge Creatura (Dkt. No. 24). Having reviewed the Report and Recommendation, Wofford's Objections, Petitioner Jennifer Lynn Mothershead's Response to the Objections (Dkt. No. 26), and all supporting materials, the Court OVERRULES the objections and ADOPTS the Report and Recommendation. The Court will hold an evidentiary hearing consistent with this Order.

1

## BACKGROUND

2      Petitioner Mothershead's habeas action under 28 U.S.C. § 2254 presents six challenges to

3 the constitutionality of her conviction for first-degree assault of her thirteen-month child. The

4 first and second grounds for relief center, in part, on Mothershead's claim that she received

5 ineffective assistance of trial and post-conviction counsel. (Dkt. No. 1 at 5-9.) Mothershead

6 argues that trial counsel failed to retain and present the testimony of a rebuttal toxicology expert

7 and that her post-conviction counsel failed to provide additional evidence in her personal

8 restraint petition to support her claim that this constituted ineffective assistance of counsel. The

9 Court notes that only the first ground challenges the actions of post-conviction counsel.

10 Mothershead's second ground for relief also asserts that trial counsel failed to ask her about her

11 guilt or adequately prepare her for trial. (Id. at 8-9.) The remaining four grounds concern

12 Mothershead's assertion of: (1) prosecutorial misconduct; (2) cumulative error; (3)

13 unconstitutionally vague aggravating factors found by the jury; and (4) double jeopardy. (Id. at

14 9-12.)

15      Judge Creatura issued a thorough and detailed Report and Recommendation on

16 Mothershead's petition and request to expand the record. (Dkt. No. 24.) As to the first and

17 second grounds for relief, Judge Creatura recommends the Court hold an evidentiary hearing to

18 rule on Mothershead's claim that she received ineffective assistance of counsel as to the expert

19 toxicologist. In reaching this conclusion, Judge Creatura first reasons that Mothershead

20 procedurally defaulted on this claim when she filed her personal restraint petition. (Id. at 9.)

21 Although this should generally deprive the Court of jurisdiction to review the claim, Judge

22 Creatura notes that judicial review may be permitted if Mothershead can establish cause and

23 prejudice to excuse the procedural default. (Id. at 9, 14.) Based on his review of the record, Judge

24

1  Creatura recommends the Court hold an evidentiary hearing on whether (1) the procedural

2  default may be excused and, if so, whether (2) Mothershead's trial counsel rendered ineffective

3  assistance related to the failure to develop and present the toxicologist's testimony. But Judge

4  Creatura otherwise recommends dismissal with prejudice of Mothershead's other grounds for

5  relief and that no certificate of appealability be issued for those claims. This includes dismissal

6  of Mothershead's second ground for relief premised on counsel's failure to prepare her for trial

7  or ask her about her guilt. And it includes grounds three through six in the petition.

8       Wofford challenges the Report and Recommendation's determinations that

9  Mothershead's ineffective assistance of counsel claim was procedurally defaulted in the post-

10  conviction litigation and that <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012) allows for an evidentiary

11  hearing to determine whether the procedural default may be excused and, if so, whether trial

12  counsel rendered ineffective assistance of counsel. Mothershead has not objected to the Report

13  and Recommendation.

14  **ANALYSIS**

15  **A.**    **Legal Standard**

16       The Court reviews <u>de novo</u> those portions of a magistrate judge's report and

17  recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

18  72(b)(3). A party properly objects when he or she files "specific written objections" to the

19  magistrate judge's report and recommendation as required under Federal Rule of Civil Procedure

20  72(b)(2).

21  **B.**    **Procedural Default**

22       The Court agrees with Judge Creatura's determination that Mothershead's ineffective

23  assistance of counsel claim as to the toxicologist—Dr. Pleus—was procedurally defaulted. The

24

Court of Appeals rejected Mothershead's claim because she "failed to meet her prima facie burden of showing prejudice." (Dkt. No. 13 at 198.) And the Washington Supreme Court reached the same conclusion, affirming the Court of Appeal's determination that Mothershead failed to meet her prima facie burden: "Mothershead did not show what Dr. Pleus's ultimate opinion would have been or what his testimony would have consisted of. . . ." (Dkt. No. 14 at 48.) Mothershead's failure to meet her prima facie burden in the personal restraint petition is considered a procedural default under Washington's inadequate briefing rule. See Corbray v. Miller-Stout, 469 F. App'x 558, 559 (9th Cir. 2012). This conclusion holds true even though both state courts considering Mothershead's petition provided alternative rulings on the merits. As Judge Creatura correctly noted, "[w]here a state court both applies a procedural rule to deny a claim and alternatively opines that the claim lacks merit, procedural default still applies." (Dkt. No. 24 at 10 (citing Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003); Zapata v. Vasquez, 788 F.3d 1106, 1112 (9th Cir. 2015)).). The Court finds no error in that conclusion.

Wofford argues that Judge Creatura "incorrectly determined that the state court applied a procedural bar because the Washington Court of Appeals had cited to In re Rice, 118 Wn.2d 876, 828 P.2d 1086 (1992) in one portion of its decision denying the personal restraint petition." (Dkt. No. 25 at 6.) This argument mischaracterizes the Report and Recommendation. Judge Creatura found the state courts applied a procedural bar after carefully considering the actual reasoning of both the Court of Appeals' and the Washington Supreme Court's opinions. He correctly determined that both courts applied a procedural bar—the inadequate briefing rule as announced by In re Rice, 118 Wn.2d at 886. While Wofford is correct that the Supreme Court did not expressly cite to In re Rice, it affirmed the Court of Appeals' reasoning and reliance on this rule in denying the petition. The absence of an express citation to the case is therefore irrelevant. Both courts denied the petition on procedural grounds.

The Court further rejects Wofford's argument that holding an evidentiary hearing as recommended by Judge Creatura would run afoul of Blodgett v. Lambert, 393 F.3d 943 (9th Cir. 2004). Blodgett remains distinguishable because the petitioner's ineffective assistance of counsel claim was not procedurally defaulted. Rather, "[t]he record more than demonstrate[d] that the Washington courts adjudicated Lambert's constitutional claims on the merits." Lambert, 393 F.3d at 969.) But here, Mothershead procedurally defaulted on her ineffective assistance of counsel claim and did not present sufficient evidence to meet her prima facie burden to allow for a decision on the merits. Under Martinez v. Ryan, Mothershead's post-conviction counsel's inadequate assistance can be grounds to excuse a procedural default. 566 U.S. at 1, 5, 9. And in this instance, it is proper to consider additional evidence to determine whether the procedural default may be excused and, if so, whether the claim might succeed on the merits. See Ramirez v. Ryan, 937 F.3d 1230, 1240-41 (9th Cir. 2019), cert granted Shinn v. Ramirez, No. 20-1009 (May 17, 2021); Jones v. Shinn, 943 F.3d 1211 (9th Cir. 2019), cert granted Shinn v. Ramirez, No. 20-1009 (May 17, 2021); Jones v. Ryan, 1 F.4th 1179 (9th Cir. 2021). This is true despite the fact that the Court's review is generally limited to the record as presented before the state court. See Cullen v. Pinholster, 563 U.S. 170, 181 (2011). As the Ninth Circuit explained in Jones v. Shinn, the general rule announced in Pinholster does not apply here where the habeas claim was found to be procedurally defaulted. 943 F.3d at 1221-22. The Court therefore finds an evidentiary hearing as recommended by Judge Creatura to be proper.

The Court also rejects Wofford's argument that the evidentiary hearing should not consider whether Mothershead's post-conviction counsel failed to provide effective assistance of counsel. (Dkt. No. 25 at 12.) That argument cannot be squared with Martinez, which held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. Considering that

holding, the Court must allow evidence to be presented at the evidentiary hearing as to whether Mothershead's post-conviction counsel failed to provide effective assistance of counsel by failing to provide the toxicology expert's declaration. This will allow the Court to determine whether the procedural default should be excused. Additionally, the Court will allow Mothershead to present evidence at the evidentiary hearing as to what Dr. Pleus's testimony would have been had he be called at trial. This will permit the Court to determine whether Mothershead's trial counsel rendered ineffective assistance of counsel consistent with the unchallenged legal framework the Report and Recommendation provides and which the Court adopts. (See Dkt. No. 24 at 14 (citing Ramirez v. Ryan, 937 F.3d at 1242).).

**C.    Certificate of Appealability**

Judge Creatura recommends dismissal with prejudice of grounds two (as to trial counsel's failure to prepare Mothershead for trial or ask her of her guilt) and grounds three through six of Mothershead's habeas petition. Mothershead has not challenged that portion of the Report and Recommendation, which the Court therefore ADOPTS. The Court DISMISSES grounds 2 (in part) through 6 of the habeas petition with prejudice and finds that no certificate of appealability should issue as to these claims.

**CONCLUSION**

The Court ADOPTS the Report and Recommendation in full and OVERRULES all of Wofford's objections, none of which identifies an error of law or fact. The Court will therefore hold an evidentiary hearing at a time and date to be set at the mutual convenience of the Court and Parties. The evidentiary hearing will allow for testimony and evidence on: (1) whether the procedural default may be excused and, if so, whether (2) Mothershead's trial counsel rendered ineffective assistance related to the failure to develop and present Dr. Pleus's testimony.

1

2

       The remaining grounds for relief in the habeas petition are DISMISSED with prejudice and no certificate of appealability shall issue as to these grounds.

3

       The clerk is ordered to provide copies of this order to all counsel.

4

       Dated February 16, 2022.

5

6

Marsha J. Pechman
United States Senior District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24