UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER LYNN MOTHERSHEAD,<br><br>Petitioner,<br><br>v.<br><br>DEBORAH J. WOFFORD,<br><br>Respondent. | CASE NO. C21-5186 MJP<br><br>ORDER ON PETITIONER'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Petitioner's Motion for Entry of a Protective Order. (Dkt. No. 35.) Having reviewed the Motion, Respondent's Opposition (Dkt. No. 37), the Reply (Dkt. No. 38), and all supporting materials, the Court GRANTS the Motion in part.

**BACKGROUND**

Petitioner claims that she received ineffective assistance of counsel in a criminal action against her in state court and pursues a writ of habeas corpus under 28 U.S.C. § 2254. The Court has scheduled an evidentiary hearing on Petitioner's ineffective assistance of counsel claim. Petitioner now seeks a protective order that would allow her to provide discovery and present

evidence at the upcoming evidentiary hearing without waiving the attorney-client privilege beyond this proceeding. Alternatively, Petitioner asks the Court to quash a subpoena and deposition notice Respondent has served. Respondent opposes this request and, alternatively, requests the Court modify the requested scope of the protective order.

## ANALYSIS

The Court agrees with Petitioner that a protective order provides a legitimate and important means of allowing her to prosecute her ineffective assistance of counsel claim in this proceeding without adversely impacting her ability to maintain the attorney-client and attorney work product privileges outside of this habeas action.

As the Ninth Circuit has recognized, "claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his privilege for purposes of resolving the dispute." Bittaker v. Woodford, 331 F.3d 715, 722 (9th Cir. 2003) (en banc). But because this waiver "runs counter to the rationale behind the privilege," the Ninth Circuit favors a "narrow waiver rule" that does not waive the privilege for all times and all purposes. Id. This narrow waiver is "consistent with the interests of the habeas petitioner in obtaining a fair adjudication of his petition and securing a retrial untainted by constitutional errors." Id. To ensure the waiver is narrow, "district courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege. Id. at 727–28. In Bittaker, for example, the Ninth Circuit upheld the issuance of protective order "precluding use of the privileged materials for any purpose other than litigating the federal habeas petition, and barring the Attorney General from turning them

1  over to any other persons or offices, including, in particular, law enforcement or prosecutorial
2  agencies." Id. at 717.
3       The Court here finds that a protective order is necessary to allow Petitioner to prosecute
4  fully her claim of ineffective assistance of counsel without broadly waiving any claim of
5  attorney-client and work product privilege. A protective order will allow her to disclose to
6  Respondent materials that are covered by these privileges without waiving the privilege in any
7  subsequent stae proceeding. A limited waiver that applies only to this proceeding will allow both
8  parties to examine the merits of Petitioner's inaffective assistance of counsel claim without
9  prejudice to any subsequent state proceeding. By not requiring a full waiver, the Court avoids
10 giving the "prosecution a wholly gratuitous advantage" in learning of privileged materials in this
11 proceeding that could be used in any state proceedings that might follow. See Bittaker, 331 F.3d
12 at 724. The protective order also enables Petitioner to preserve her rights under the Fifth and
13 Sixth Amendments, to the extent such issues arise. And the protective order will not prejudice
14 the state in any subsequent action because upon retrial or resentencing, because the state court
15 will "remain free, of course, to determine whether [Mothershead] waived [her] attorney-client
16 privilege on some basis other than [her] disclosure of privileged information during the course of
17 the federal litigation." Id. at 726. Nor does the protective order bar the state from obtaining "the
18 privileged materials through a source other than" the Attorney General's office, which the state
19 could then "present . . . to the state court and seek a ruling on their admissibility." Id. at 726-27.
20      The Court does, however, find that Petitioner's proposed protective order is overbroad as
21 drafted. Having considered Respondent's criticisms of the requested protective order, the Court
22 enters the following Order, which seeks to balance the competing interests and ensure a fair
23 process to both parties while also allowing the public reasonable access:
24

**PROTECTIVE ORDER**

1. All discovery and testimony obtained by Respondent from Petitioner in this federal proceeding, whether before or after issuance of this Order, that involves subjects and/or documents covered by Petitioner's attorney-client or work product privileges or Petitioner's Fifth Amendment privileges ("the Privileges") may be claimed as privileged. Any such discovery or testimony that is claimed as privileged shall be treated as confidential and protected from disclosure as set forth in this Order.

2. To assert a claim of privilege, Petitioner must clearly mark all discovery with the words "CONFIDENTIAL" prior to production. If any discovery has been provided prior to this Order, Petitioner must, within 20 days of entry of this Order, provide Respondent with a list of all such discovery that is covered by one of more of the Privileges and such discovery shall be treated as confidential.

3. For any deposition testimony taken before the evidentiary hearing, Petitioner may designate the entire transcript as confidential at any point during the deposition if she reasonably believes the testimony will or does reveal information covered by the Privileges. Within 20 days of receipt of the final deposition transcript, Petitioner shall identify to Respondent the specific portions of the transcript that involve subjects covered by Privileges that shall be treated as confidential. Respondent may then challenge any such confidentiality designations as set forth in Section 8.

4. Because Petitioner reasonably believes that the testimony of her prior counsel and expert will likely reveal information covered by the Privileges, the Court shall exclude the public during their testimony, and shall seal the transcript of their testimony and any related exhibits which shall be treated as confidential. Additionally, at any point during the evidentiary hearing,

1  Petitioner may request the Court exclude the public from the hearing to avoid the disclosure of
2  any information covered by the Privileges. Upon such a request, the Court shall close the
3  evidentiary hearing to the public and seal the portion of the transcript and exhibits that contain
4  the privileged information that shall be treated as confidential. Petitioner must indicate when she
5  reasonably believes that the testimony no longer concerns issues covered by the Privileges that is
6  confidential, and the Court will then reopen the proceedings to the public. Within 20 days of the
7  close of the evidentiary hearing, Petitioner shall file a brief identifying each portion of the sealed
8  evidentiary hearing transcript and each portion of any exhibit that she believes is protected by the
9  Privileges and the reasons that justify keeping them under seal. Respondent shall then have 20
10 days from Petitioner's filing to file a response, and Petitioner may then file a reply within 10
11 days of the response. All briefing shall provisionally be filed under seal without the need of
12 separate motions to seal. The Court shall then review the parties' briefing and designate those
13 portions of the final transcript and exhibits that shall be treated as confidential and remain under
14 seal, as well as the portions of the briefing that shall be treated as confidential and kept under
15 seal.

16     5.    Any information, documents, and materials obtained during the discovery process
17 or at the evidentiary hearing that is confidential under this Order may be used only by
18 representatives from the Office of the Washington Attorney General and only for purposes of
19 litigating Petitioner's ineffective of assistance of counsel claim presented in her petition for writ
20 of habeas corpus pending before this Court. No information, documents, or materials obtained
21 during the discovery process or at the evidentiary hearing that are confidential under this Order
22 may be disclosed to any other persons or agencies, including any other law enforcement or
23 prosecutorial personnel or agencies, without an order from this Court.
24

6. Unless otherwise ordered by the Court or permitted in writing by the party asserting the privilege, information, documents, and materials obtained during the discovery process or at the evidentiary hearing that are confidential may be disclosed only to the following persons:

   a. Counsel for the Office of the Washington Attorney General to whom the privileged disclosure has or is to be made, as well as employees of the Office of the Washington Attorney General who are assisting counsel in this action and to whom it is reasonably necessary to disclose the information for this federal habeas proceeding. Counsel shall be responsible for ensuring that his or her associates and employees are informed of the terms of this Order and agree to abide by them;

   b. During their depositions and at the evidentiary hearing, witnesses in this federal habeas proceeding to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court;

   c. Experts and consultants to whom disclosure is reasonably necessary for this federal habeas proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

   d. The Court, court personnel, and court reporters and their staff.

7. Except as otherwise noted in this Order, before filing confidential material on the docket, the filing party shall consult and comply with Local Civil Rule 5(g), which sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

8. At the conclusion of this federal habeas proceeding, privileged documents deemed confidential, and all copies of such documents (other than exhibits of record), shall be returned to the source from which they were produced or at the direction of the producing party, destroyed with the party destroying the documents providing a certificate of destruction to the producing party.

9. Nothing in this Order shall prevent any party to this action from moving the Court to remove the confidential designation from particular privileged subjects, transcripts, and/or documents, from seeking modification of this Order or other or further protection or relief, or from objecting to discovery. Before seeking any such relief from the Court, the Parties must meet and confer to attempt to reach agreement.

10. This Order, in its entirety, shall continue in effect after the conclusion of this federal habeas proceeding and shall apply in the event of a retrial of all or any portion of Petitioner's criminal case, except that either party maintains the right to request modification or vacation of this Order upon entry of final judgment in this matter.

11. The Court recognizes the Petitioner contends the required disclosures in this action do not constitute a waiver of her rights under the Fifth and Sixth Amendments in event of any retrial.

12. The Court may vacate this order at any time.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 29, 2022.

Marsha J. Pechman
United States Senior District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of <u>Jennifer Lynn Mothershead v. Deborah J. Wofford</u>, C21-21-5186 MJP. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____