UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER LYNN MOTHERSHEAD,<br><br>Petitioner,<br><br>v.<br><br>DEBORAH J. WOFFORD,<br><br>Respondent. | CASE NO. C21-5186 MJP<br><br>ORDER RE: <u>SHINN V. MARTINEZ RAMIREZ</u> AND EVIDENTIARY HEARING |

This matter comes before the Court on the issue of whether the Court may hold an evidentiary hearing in light of the Supreme Court's decision in <u>Shinn v. Martinez Ramirez</u>, No. 20-1009, 596 U.S. ____, 142 S. Ct. 1718 (2022). The Court raised this issue with the Parties <u>sua sponte</u>, and has both received and reviewed the Parties' responsive briefing (Dkt. Nos. 48-51, 61, 63, 64) and held oral argument on June 14, 2022. Having considered the arguments of the Parties and all supporting materials, the Court finds that the evidentiary hearing shall proceed.

**BACKGROUND**

A full summary of the relevant background is contained in Chief Magistrate Judge Creatura's Report and Recommendation, to which the Court refers the reader. (Dkt. No. 24.) But the Court provides the following brief summary.

Petitioner's habeas action under 28 U.S.C. § 2254 contains a claim that she received ineffective assistance of trial and post-conviction counsel. (Dkt. No. 1 at 5-9.) Petitioner argues that trial counsel failed to retain and present the testimony of a rebuttal toxicology expert and that her postconviction counsel failed to develop and provide additional evidence in her personal restraint petition (PRP) to support her trial counsel ineffective assistance of counsel (IAC) claim. The Court next reviews some of the relevant procedural issues underlying these claims that are relevant to the narrow issue the Court considers in this Order.

Petitioner filed a pro se PRP in which she raised her IAC claim. (Dkt. No. 11 at 379-83; Dkt. No. 14 at 656-61.) She asked for an evidentiary hearing on the claim as well as appointment of counsel. (Dkt. No. 11 at 421.) And she supplemented the trial court record with a declaration from her trial counsel, as well as the expert's preliminary opinion that had been provided to trial counsel. (Dkt. No. 11 at 422-26, 440-52.) She also provided a summary chart identifying gaps in the State's scientific evidence. (Dkt. No. 11 at 429-30.)

Before ruling on the PRP, Division II of the Court of Appeals granted Petitioner's request for court-appointed counsel "at public expense" under the Washington Rule of Appellate Procedure 16.11(b) and 16.15(h). (Dkt. No. 13 at 679-680.) Appointed postconviction counsel was then given leave to file a renewed PRP and to ensure the state-court record was fully presented. Counsel did not supplement the record further, but, like Petitioner, asked for an evidentiary hearing on the IAC claim and argued that the declaration of trial counsel and

preliminary opinions of the expert were at least enough to merit a "reference hearing"—the state analog to an evidentiary hearing. (Dkt. No. 13 at 703-06.)

The Court of Appeals denied Petitioner's request for an evidentiary hearing and rejected her claim because she "failed to meet her prima facie burden of showing prejudice." (Dkt. No. 13 at 198.) And the Washington Supreme Court reached the same conclusion, affirming the Court of Appeal's determination that Petitioner failed to meet her prima facie burden: "Mothershead did not show what Dr. Pleus's ultimate opinion would have been or what his testimony would have consisted of. . . ." (Dkt. No. 14 at 48.) The Supreme Court similarly denied her request for an evidentiary hearing.

Considering her federal habeas petition, this Court concluded that Petitioner procedurally defaulted on her IAC claim. (Dkt. No. 27 at 4.) Specifically, the Court found that her failure to meet her prima facie burden in the PRP is considered a procedural default under Washington's inadequate briefing rule. See Corbray v. Miller-Stout, 469 F. App'x 558, 559 (9th Cir. 2012). This holds true even though the State court alternatively opined on the merits. (See Dkt. No. 27 (citing Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003); Zapata v. Vasquez, 788 F.3d 1106, 1112 (9th Cir. 2015)).). And invoking Martinez v. Ryan, 566 U.S. 1 (2012), the Court set an evidentiary hearing to determine whether there are grounds to set aside the procedural default. (Id. at 6.)

After the Supreme Court issued its opinion in Shinn, the Court found it necessary to reconsider whether it could proceed with the evidentiary hearing. The Court invited briefing and held oral argument. This Order follows.

**ANALYSIS**

**A.     Applicability of <u>Martinez</u> and <u>Trevino</u>**

As a threshold issue, the Court considers whether Petitioner has satisfied one of the procedural requirements in order to invoke <u>Martinez</u> and <u>Trevino v. Thaler</u>, 569 U.S. 413 (2013). Specifically, the Court considers whether under Washington law, a prisoner cannot bring an IAC claim on direct appeal, or whether the prisoner has been denied a meaningful opportunity to do so "as a matter of procedural design and systemic operation" of state law. See <u>Trevino</u>, 569 U.S. at 429. This issue was not explicitly addressed in the Report and Recommendation of Chief Magistrate Judge Creatura or the undersigned's Order Adopting the Report and Recommendation. (<u>See</u> Dkt. Nos. 24 and 27.) Given its apparent threshold importance, the Court examines the issue after a brief consideration of the legal framework applicable to procedurally-defaulted habeas claims.

"A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures." <u>Shinn</u>, 142 S. Ct. at 1727. A claim not raised before the state courts is procedurally defaulted, but the procedural default can be overcome if the prisoner "demonstrate[s] 'cause' to excuse the procedural defect and 'actual prejudice' if the federal court were to decline to hear his claim." <u>Id.</u> at 1728 (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)). Ineffective assistance of postconviction of counsel can be "'cause' to forgive procedural default of an ineffective-assistance-of-trial-counsel claim." <u>Id.</u> (citing <u>Martinez</u>, 566 U.S. 1). But as the Supreme Court has held, the ineffective assistance of postconviction counsel can only be grounds for "cause" if "the State required the prisoner to raise that claim for the first time during state postconviction proceedings," <u>Id.</u> (citing <u>Martinez</u>), or if a State "procedural system—as a matter of its structure,

1    design, and operation—does not offer most defendants a meaningful opportunity to present a
2    claim of ineffective assistance of trial counsel on direct appeal," Trevino, 569 U.S. at 428. The
3    Supreme Court has held that "[o]therwise, attorney error where there is no right to counsel
4    remains insufficient to show cause." Shinn, 142 S. Ct. at 1733.

5          The limitations in Martinez and Trevino require careful study in the context of this
6    habeas petition. In Martinez, the Court found that in order to "protect prisoners with a potentially
7    legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the
8    unqualified statement in Coleman that an attorney's ignorance or inadvertence in a
9    postconviction proceeding does not qualify as cause to excuse a procedural default." Id., 566
10   U.S. at 9. The Court held that "[i]nadequate assistance of counsel at initial-review collateral
11   proceedings may establish cause for a prisoner's procedural default of a claim of ineffective
12   assistance at trial." Id. But the Court limited the reach of this decision to situations where state
13   law forbid the petitioner from raising an IAC claim on direct appeal. Id. at 17. In Trevino, the
14   Court then expanded the reach of Martinez to situations where "a State that in theory grants
15   permission but, as a matter of procedural design and systemic operation, denies a meaningful
16   opportunity" to a petitioner to raise an IAC claim on direct appeal. Trevino, 569 U.S. at 429. The
17   Trevino Court concluded that Martinez reaches situations where a "state procedural framework,
18   by reason of its design and operation, makes it highly unlikely in a typical case that a defendant
19   will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on
20   direct appeal. . . ." Id.

21         The question remains, then, whether prisoners in Washington may not or "as a matter of
22   procedural design and systemic operation" cannot meaningfully raise IAC claims on direct
23   appeal. There is no bar to bringing IAC claims on direct appeal and courts in Washington
24

"regularly consider such claims on direct appeal." State v. McFarland, 127 Wn.2d 322, 338 n.5 (1995), as amended (Sept. 13, 1995) (noting that "[t]here is nothing intrinsic in a claim of ineffective assistance of counsel that requires it to be considered only in a collateral proceeding such as a personal restraint petition."). But in Washington, if a prisoner "wishes a reviewing court to consider matters outside the record, a personal restraint petition is the appropriate vehicle for bringing those matters before the court." Id. at 338. This distinction has critical importance to the claims presented in the pending habeas petition. As the Court in Trevino explained, to vindicate the right to adequate assistance of counsel at trial, "practical considerations, such as . . . the need to expand the trial court record, and the need for sufficient time to develop the claim, argue strongly for initial consideration of the claim during collateral, rather than on direct, review." Trevino, 569 U.S. at 428. This is evident in Petitioner's trial counsel IAC claim, which relies on materials outside of the trial court record. Under the Washington's procedural and systemic framework, Petitioner's first opportunity to present her trial counsel IAC claim with materials outside the trial court record was through her postconviction petition. By operation of and design of Washington law, Petitioner was therefore denied a "meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." See Trevino, 569 U.S. at 428; Weber v. Sinclair, No. C08-1676RSL, 2014 WL 1671508, at *8 (W.D. Wash. Apr. 28, 2014), aff'd, 679 F. App'x 639 (9th Cir. 2017) (finding Washington law denied the petitioner a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal). This satisfies the threshold inquiry as to whether Martinez and Trevino can apply.

B.      Petitioner's Diligence and the Evidentiary Hearing

The Supreme Court's decision in Shinn calls into question whether the Court may proceed with the scheduled evidentiary hearing on Petitioner's IAC claims. That stems from Shinn's holding that "under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." Shinn, 142 S. Ct. at 1734. Based on the Court's analysis, it finds that the hearing may only proceed if Petitioner's claim is not subject to § 2254(e)(2). The Court finds that the unique record before it shows that Petitioner's claims are not subject to § 2254(e)(2) and that the evidentiary hearing shall proceed.

To explain its conclusion, the Court first considers Shinn's reach. The Court then examines the standards for determining whether § 2254(e)(2) applies in light of Shinn. And the Court concludes with an application of that standard to the record here.

   1.      The Boundaries of Shinn

The Court begins its analysis of Shinn by recognizing the limits that the Supreme Court placed on its holding.

The most relevant limitation in Shinn is that it applies only to claims subject to § 2254(e)(2)—where the petitioner is "at fault" for the undeveloped state-court record. This limitation is apparent in the plain text of Court's holding: "under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." Shinn, 142 S. Ct. at 1734 (emphasis added). The Court also reaffirmed the longstanding jurisprudence that § 2254(e)(2) does not reach every procedurally-defaulted claim. The Court explained that "§2254(e)(2) applies only when a [person] 'has failed to develop the factual basis of a claim.'"

Id. at 1734 (emphasis added). And the Court reaffirmed the holding of Williams v. Taylor, 429 U.S. 420 (2000) (Michael Williams) that § 2254(e)(2) will not apply to a procedurally defaulted claim "'unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.'" Id. at 1735 (quoting Michael Williams, 529 U.S. at 432). The Court therefore recognized that not every postconviction IAC claim will be subject to § 2254(e)(2).

Shinn's holding is further constrained by the procedural posture of the consolidated appeals on review. Both involved trial-counsel and postconviction-counsel IAC claims that were presented for the first time in the federal habeas actions. See Shinn, 142 S. Ct. at 1728-29 (noting that petitioner Ramirez brought no IAC claim in his initial state postconviction petition and that Jones raised a different trial-counsel IAC claim in his state postconviction petition than the one he raised in his federal habeas petition). The Court was therefore faced with a record devoid of diligence by either petitioner. And the petitioners "concede[d] that they d[id] not satisfy § 2254(e)(2)'s narrow exceptions." Id. at 1734. In other words, Shinn considered claims that necessarily were subject to § 2254(e)(2).

To summarize, Shinn reaches only claims subject to § 2254(e)(2) and left open the possibility of holding an evidentiary hearing on procedurally-defaulted IAC claims that are not subject to § 2254(e)(2).

**2.      The Diligence Inquiry of § 2254(e)(2)**

Given the limitations of Shinn's bar on evidentiary hearings, the Court must consider the standard by which to measure whether § 2254(e)(2) applies to Petitioner's claims or not.

By its express terms § 2254(e)(2) applies if the "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). Failure in this context means "that the prisoner must be 'at fault' for the undeveloped record in the state court."

Shinn, 142 S. Ct. at 1734 (quoting Michael Williams, 529 U.S. at 432). "A prisoner is 'at fault' if he 'bears responsibility for the failure' to develop the record." Id. (quoting Michael Williams, 529 U.S. at 432.) And "failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Michael Williams, 529 U.S. at 432. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Id. at 437 The Ninth Circuit has also held that "[a] petitioner who has previously sought and been denied an evidentiary hearing has not failed to develop the factual basis of his claim." Hurles v. Ryan, 752 F.3d 768, 791 (9th Cir. 2014). "The proper question when considering a petitioner's diligence 'is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts.'" Libberton v. Ryan, 583 F.3d 1147, 1165 (9th Cir. 2009) (quoting Michael Williams, 529 U.S. at 435).

  The diligence inquiry takes on greater meaning by considering the underlying purpose of the test. As the Supreme Court has made clear, the "at fault" inquiry ensures that State courts are fairly presented with constitutional claims before they appear in federal court. See Michael Williams, 529 U.S. at 437. Comity requires that "'state courts should have the first opportunity'" to review claims that the prisoner's confinement for a state court conviction violates federal law. Id. (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999)). "For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error." Id. And "[i]f the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met." Id. But "comity is not served by

1 saying a prisoner 'has failed to develop the factual basis of a claim' where he was unable to
2 develop his claim in state court despite diligent effort." Id.
3     In the context of diligence, the Court cannot overlook Shinn's conclusion that "under §
4 2254(e)(2), a prisoner is 'at fault' even when state postconviction counsel is negligent." Shinn,
5 142 S. Ct. at 1735. In other words, "state postconviction counsel's ineffective assistance in
6 developing the state-court record is attributed to the prisoner." Shinn, 142 S. Ct. at 1734. And
7 Shinn's conclusion appears to apply even if the claims fall within the ambit of Martinez or
8 Trevino, given that Martinez had procedural application to the claims in Shinn but was not cited
9 as a reason to find postconviction counsel's negligence to be an external factor—i.e., not
10 imputed to the client. The Court must therefore heed Shinn's conclusion that postconviction
11 counsel's negligence is imputed to the client in the analysis of diligence and § 2254(e)(2)'s
12 application.

### 3. Petitioner's Diligence Bars § 2254(e)(2)'s Application

14     Considering this case's unique factual record, the Court finds that Petitioner was diligent
15 and is not "at fault" for the lack of development of the state court record.
16     The record here shows Petitioner's consistent efforts to squarely present the merits of her
17 IAC claim to the State courts in her PRP. Not only did she request an evidentiary hearing, but
18 she also supplemented the record with a declaration from her trial counsel and the preliminary
19 opinion from the expert she believes should have been retained and testified at trial. (Dkt. No. 11
20 at 421, 422-26, 440-52.) Those efforts were remarkable for an indigent prisoner who lacked legal
21 expertise or access to funding necessary to retain the expert to develop his opinions further. This
22 far exceeds the minimum requirements for diligence. See Michael Williams, 529 U.S. at 437;
23 Hurles, 752 F.3d at 791. Petitioner did the best she could to give the State court an opportunity to
24

ORDER RE: SHINN V. MARTINEZ RAMIREZ AND EVIDENTIARY HEARING - 10

1   assess the merits of her IAC claim. This was "a reasonable attempt, in light of the information
2   available at the time, to investigate and pursue claims in state court." Michael Williams, 529 U.S.
3   at 435. In fact, Petitioner was so diligent that the Court of Appeals granted her request for
4   appointment of postconviction of counsel. And appointed counsel continued to ask for an
5   evidentiary hearing and rely on the same materials Petitioner provided to supplement the trial-
6   court record. As such, counsel continued the same level of diligence that Petitioner did as a pro
7   se. See id.

       This clear record of diligence becomes unsettled by the fact that Petitioner's appointed
9   counsel did not take further steps to supplement the record. As Petitioner herself argues,
10  postconviction counsel negligently failed to seek funding to retain the expert or move to
11  supplement the state-court record with an admissible opinions from the expert. This is perhaps
12  the only evidence, though, of a lack of diligence. The Court is not convinced that postconviction
13  counsel's alleged negligence in failing to secure funding for the expert or supplementing the
14  record undermines this record of diligence. Under Shinn, this oversight, must be attributed to
15  Petitioner. See Shinn 142 S. Ct. at 1735 ("[A] state prisoner is responsible for counsel's
16  negligent failure to develop the state postconviction record.") But while counsel's failure to act
17  may rise to the level of cause to excuse the procedural default, the Court is not convinced that
18  this oversight undermines the otherwise sound record of diligence. The reason Petitioner faults
19  her counsel is that it prevented her from succeeding on the claim in the PRP. But as the Supreme
20  Court has made clear, the test of diligence turns not on the success on the underlying
21  constitutional claim, but on whether the petitioner made "a reasonable attempt" to raise it:

> Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend, as the Commonwealth would have it, upon whether those efforts could have been successful.

1 | Michael Williams, 529 U.S. at 435. Here, postconviction counsel's oversights impacted the
2 | success of the trial counsel IAC claim, but it did not undermine the fact that Petitioner diligently
3 | sought to present the claim to the State court. Under existing authority, these efforts were
4 | sufficient to show diligence. See West v. Ryan, 608 F.3d 477, 484 (9th Cir. 2010) (finding
5 | sufficient diligence to avoid § 2254(e)(2) where the petitioner, represented by counsel, was
6 | "persistent, though imperfect, [in his] efforts to obtain a hearing" even though he failed to make
7 | sufficiently clear request and failed to submit admissible evidence); Libberton, 583 F.3d at 1165
8 | (finding diligence even though the petitioner was not successful in obtaining an evidentiary
9 | hearing and where he later developed new affidavits to present to the federal court as part of a
10 | habeas petition).

11 | To hold that counsel's negligence undermines all of the record of diligence would
12 | effectively overextend the holding in Shinn. The Court in Shinn explained at length that its
13 | holding only applies to postconviction IAC claims subject to § 2254(e)(2) and not every
14 | postconviction IAC claim. If postconviction counsel's negligence not only inures to the
15 | petitioner but also undercuts any other record of diligence, then § 2254(e)(2) will apply to every
16 | procedurally-defaulted postconviction IAC claim. But Shinn did not reach that far. Shinn's bar
17 | on evidentiary hearing reaches only those postconviction IAC claim subject to § 2254(e)(2). The
18 | Court's opinion left open for consideration a postconviction IAC claims where there is a record
19 | of diligence that might render § 2254(e)(2) inapplicable even if there is a postconviction IAC
20 | claim. This is one such case. And the overwhelming majority of the record shows Petitioner was
21 | diligent and that § 2254(e)(2) has no application.

22 | As an aside, the Court has found little guidance in how to parse the mixed record of
23 | diligence before it. Though not perfectly on point, the Third Circuit has held that a petitioner's
24 |

1 | diligence was sufficient to avoid § 2254(e)(2) where he asked for an evidentiary hearing, but
2 | where his court-appointed postconviction counsel filed a "no merit" letter and moved to
3 | withdraw. Rivera v. Superintendent Houtzdale SCI, 738 F. App'x 59, 61, 63 (3d Cir. 2018)
4 | (unpublished). But the Court recognizes that Rivera does not grapple with the question of
5 | whether his counsel's decision to file a "no merit" letter should be imputed to the client or
6 | undermine the record of diligence. Nor did the case contain a postconviction IAC claim. The
7 | Court has otherwise not identified any appellate authority that presents similar legal and factual
8 | issues to the those pending before the Court.

Given the unique record and the legal landscape, the Court finds that Petitioner was sufficiently diligent in trying to raise her IAC claims and that she is not "at fault" for the lack of a fully-developed state-court record. The Court concludes that § 2254(e)(2) does not apply and that Shinn does not bar the holding of an evidentiary hearing on trial counsel's and postconviction counsel's alleged IAC. The Court continues to find that an evidentiary hearing should be held.

**C.     Evidentiary Hearing**

The Court will reschedule the evidentiary hearing. To do so, the Court directs the Courtroom Deputy to find a date as soon as practical with input from the Parties. Should Respondent appeal this Order and ask the Court to stay the hearing, she must promptly and timely file a stay request for the Court to consider.

## CONCLUSION

Having considered the decision in Shinn and its application to the claims presented in this habeas action, the Court finds that the evidentiary hearing should proceed. The Court finds that Petitioner's IAC claims are not subject to § 2254(e)(2) given the strong record of diligence in her

1 efforts to present her claim to the State courts. As such, the claims are not subject to the bar on

2 evidentiary hearings announced by <u>Shinn</u>. And the Court continues to find that the hearing

3 should proceed, which the Court will reset.

4     The clerk is ordered to provide copies of this order to all counsel.

5     Dated June 23, 2022.

*[signature]*

Marsha J. Pechman
United States Senior District Judge