UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER LYNN MOTHERSHEAD, <br><br> Petitioner, <br><br> v. <br><br> DEBORAH J. WOFFORD, <br><br> Respondent. | CASE NO. C21-5186 MJP <br><br> ORDER GRANTING MOTION TO CERTIFY INTERLOCUTORY APPEAL AND STAY PROCEEDINGS |

This matter comes before the Court on Respondent's Motion to Certify an Interlocutory Appeal and to Stay Proceedings. (Dkt. No. 67.) Having reviewed the Motion, Petitioner's Opposition (Dkt. No. 72), the Reply (Dkt. No. 73), and all supporting materials, the Court GRANTS the Motion. The Court AMENDS and CERTIFIES its Order re: Shinn v. Martinez Ramirez and Evidentiary Hearing (Dkt. No. 65) ("Order") for interlocutory appeal and STAYS the proceedings pending the interlocutory appeal.

# BACKGROUND

The Court's Order resolved the impact of Shinn v. Martinez Ramirez, No. 20-1009, 596 U.S. ___, 142 S. Ct. 1718 (2022) on the scheduled evidentiary hearing. The Court found that the evidentiary hearing could proceed because 28 U.S.C. § 2254(e)(2) and Shinn did not apply to bar the evidentiary hearing. Respondent now asks the Court to certify the Order for interlocutory appeal and to stay the proceedings pending the appeal.

# ANALYSIS

**A.     Certification of Interlocutory Appeal**

To certify an interlocutory appeal, the court "must determine that the order meets the three certification requirements outlined in § 1292(b): '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion [as to that question], and (3) that an immediate [resolution of that question] may materially advance the ultimate termination of the litigation.'" ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981)).

    **1.     Controlling Question of Law**

The Court finds that the Order contains a controlling question of law that Respondent seeks to appeal. "As is evident from the plain text of § 1292(b), for a question to confer interlocutory jurisdiction on this court it must be a 'question of law.'" ICTSI, 22 F.4th at 1132 (quoting 28 U.S.C. § 1292(b)). Here, the controlling question of law is whether or not postconviction counsel's lack of diligence will always undermine the petitioner's otherwise diligent efforts to pursue an ineffective assistance of counsel claim and subject the claim to § 2254(e)(2) and Shinn's bar on evidentiary hearings. In its Order, the Court found that

postconviction counsel's lack of diligence will not always require § 2254(e)(2) to apply. Applying this legal determination to the unique factual record before it, the Court concluded that although postconviction counsel's lack of diligence must be imputed to Petitioner, Petitioner and postconviction counsel had been sufficiently diligent to cause her IAC claims to fall outside of § 2254(e)(2). While the Court agrees with Petitioner that the Order required weighing unique factual issues, its outcome necessarily relied on the Court's legal conclusion that postconviction counsel's lack of diligence will not always require applying § 2254(e)(2). As such, there is a controlling question of law that Respondent seeks to present on appeal.

Respondent's Reply also suggests that another controlling question of law is whether the claim itself is procedurally defaulted. (Reply at 1-2 (Dkt. No. 73).) But this legal issue is not one contained in the Order. As such, it would be improper to certify the appeal based on an issue not actually contained in the Order.

**2.    Substantial Grounds for Difference of Opinion**

The Court finds that there are substantial grounds for a difference of opinion on the controlling legal question.

The "substantial grounds" prong is satisfied if "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). As is particularly relevant here, "[t]he 'substantial grounds' prong is satisfied when 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions.'" ICTSI, 22 F.4th at 1130 (quoting Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011)). And the district court need not

1  "await[ ] development of contradictory precedent" before concluding that the question presents a

2  "substantial ground for difference of opinion." Reese, 643 F.3d at 688.

3  The Court is satisfied that there are substantial grounds on which fair-minded jurists might reach a contradictory conclusion on the controlling legal question. The legal issue resolved by the Court in the Order is novel and requires consideration and application of a new Supreme Court decision—Shinn. The legal issue also presents novel considerations as to the diligence inquiry under § 2254(e)(2) that do not appear to have been resolved by any appellate court. Indeed, none of the cases the Court could locate provides express guidance on how to resolve the diligence inquiry under § 2254(e)(2) in the context of an ineffective assistance of counsel claim where there is a mixed record of the petitioner's diligence and her postconviction counsel's lack of diligence. As such, the Court finds that its Order makes a novel determination on the controlling legal question on which fair-minded jurists could disagree.

### 3. Immediate Appeal Materially Advances Resolution

The Court finds that an interlocutory appeal will materially advance the ultimate resolution of the case. "[T]he 'materially advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." ICTSI, 22 F.4th at 1131 (quoting In re Cement, 673 F.2d at 1027). Here, the interlocutory appeal will resolve the question of whether § 2254(e)(2) applies and whether an evidentiary hearing may proceed. Should the evidentiary hearing not be proper, then the Court will receive important guidance as to the scope of the record it may consider in resolving Petitioner's claims. This will ensure that the Court focuses on the correct record in resolving the ineffective assistance of counsel claims and avoid unnecessary expenditure of time and money. And allowing the interlocutory appeal pays heed to the Supreme Court's guidance in Shinn that

if § 2254(e)(2) applies then the district court "may not conduct an evidentiary hearing. . . ." Shinn, 142 S. Ct. at 1734. So while there will be delay and effort required to complete the interlocutory appeal, the Court nonetheless finds that the interlocutory appeal will materially advance resolution of the claims.

* * *

The Court finds that there is a controlling question of law that presents a novel issue on which reasonable jurists might disagree, and the resolution of that question will materially advance resolution of the case. As such, the Court GRANTS the Motion and AMENDS and CERTIFIES the Order for interlocutory appeal. See Fed. R. App. 5(a)(3); 28 U.S.C. § 1292(b).

**B.     Stay**

The Court finds that a stay pending appeal is appropriate.

Before staying proceedings pending an interlocutory appeal, the Court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 426 (2009) (quotation omitted).

The Nken factors weigh in favor of a stay. First, the Court notes that Respondent has failed to make a strong showing that she is likely to succeed on the merits. Second, Respondent has not clearly demonstrated that she will suffer an irreparable injury absent a stay. Respondent argues she will "be deprived of the fruits of her interlocutory appeal" if the Court holds an evidentiary hearing and the Ninth Circuit finds that the hearing should not have occurred. (Dkt. No. 73 at 5.) But as Respondent admits, the harm she identifies is monetary—she wishes to avoid the "costs" of the evidentiary hearing. (Id.) This harm is not irreparable. Third, Petitioner

has not identified any substantial injury that she will suffer pending a stay. Although Petitioner argues that her trial counsel has retired, she has not provided any evidence to suggest that witnesses will likely become unavailable during the pendency of the appeal. And while Petitioner is incarcerated and challenges the validity of her incarceration, that alone is not a substantial injury. Fourth, the Court here finds that the public interest weighs in favor of a stay. As Respondent notes, the Court's Order involves an issue of law that has public importance and relevance to other pending habeas petitions. (See Dkt. No. 73 at 5 (citing two cases pending in this District involving similar issues).) Staying this case pending the appeal will ensure that only one court—the Ninth Circuit—provides guidance on this issue. Considering these factors, the Court finds that they favor entry of a stay. Staying the proceedings will allow for an orderly process through which the Court will obtain clarity on the scope of the record to be considered to resolve Petitioner's ineffective assistance of counsel claims. While Respondent has not shown any likelihood of success on appeal or an irreparable injury, Petitioner has not identified a substantial injury she might suffer pending the appeal. At the same time, the public will be served by having the Court await the Ninth Circuit's guidance on whether to hold the evidentiary hearing, by avoiding unnecessary costs and duplication of effort, and by ensuring that Petitioner's claim is properly and efficiently resolved. The Court therefore STAYS the proceedings pending resolution of the appeal.

## CONCLUSION

The Court GRANTS the Motion in full. The Court AMENDS its Order by CERTIFYING it for interlocutory appeal. The Court further STAYS the proceedings pending resolution of the appeal.

\\

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated July 14, 2022.

*[signature]*

Marsha J. Pechman
United States Senior District Judge